### UNITED STATES v. ARNOLD.
#### No. 1605.

District Court, W. D. Missouri.

Feb. 18, 1941.

Thomas A. Costolow, Asst. U. S. Atty., of Kansas City, Mo., for the Government.

R. Bowland Ritchie, of Wichita, Kan., for defendant.

REEVES, District Judge.

In my view, this case is not one difficult of solution. In the first place, the people of both the nation and the state of Kansas, as well as Missouri, have always been vexed and troubled with the question of regulating intoxicating liquor. The opinions of the courts of Missouri, for instance, are filled with suggestions that intoxicating liquor is an evil. It is not to be approved, so the courts say, and the legislature can't approve it, because it is an evil. Even a legislature can't approve an evil thing, so that the courts have said that the best that may be done is to regulate it and tolerate it, that is tolerate it with regulation.

The people of Kansas have enacted a law which forbids, both constitutionally and by statute, as I understand, the importation and sale of intoxicating beverages, intoxicating liquor rather for beverage purposes into and within the state. In seeking to enforce the Twenty-First Amendment, which is as follows: "The transportation or importation into any State, Territory, or possession of the United States for delivery or use therein of intoxicating liquors, in violation of the laws thereof, is hereby prohibited", the Congress said, "Whoever shall import, bring, or transport any intoxicating liquor into any State in which all sales * * * of intoxicating liquor containing more than 4 per centum of alcohol by volume are prohibited, * * * or attempt so to do, * * * shall * * * be guilty of a misdemeanor". 27 U.S.C.A. § 223. Congress, in enacting that law, undertook to prevent any state from being arbitrary by saying that one-half of one per cent of alcohol by volume was intoxicating. Conceivably there might have been a state to say: "We declare two percent of alcohol by volume to be intoxicating". Congress says there should be no help to enforce that kind of a law. Intoxicating liquor can only be considered as such when the alcoholic content is more than four per cent by volume. Any state enacting a law which prohibits the sale of intoxicating liquor containing more than four per cent of alcohol by volume because considered intoxicating,

the Congress has enacted a law which makes it a misdemeanor to transport or attempt to transport intoxicating liquor into such state.

The Congress has permitted the state to say what is intoxicating except that it cannot say a beverage is intoxicating containing less than four per cent of alcohol by volume. But above four per cent the state may determine. The states could enact a law providing that five per cent by volume and above only is intoxicating, and that nothing below such percentage is intoxicating. Now, then, the state of Kansas says that above 3.2 per cent of alcohol by weight is intoxicating. 3.2 per cent by weight, as I understand, would equal four per cent by volume, 4.6, 4.8 or 4.9 or maybe 4.16 or 4.29 per cent on beer. Kansas has said beer containing a low alcoholic content by volume is not intoxicating. The law is directed against intoxicating liquor, as declared by the state—provided always that the state does not say that less than four per cent of alcohol by volume in a beverage is intoxicating. So that the state of Kansas provides that beer containing 4.15 per cent or 4.16 per cent by volume is not intoxicating. That is what the law of Kansas provides under all this testimony. Very well. Congress says, "We propose to prohibit the transportation of intoxicating liquor containing more than four per cent by volume." Now, then, does it do that? Beverages containing 3.2 per cent of alcohol by weight are never below four per cent of alcohol by volume. The law of Kansas and the law of Congress fit like a glove according to this testimony. You can't sell one ounce of intoxicating liquor in the state of Kansas containing more than four per cent of alcohol by volume but that Kansas forbids it by its own law and forbids nothing less than that. Kansas is left with the authority to say what is intoxicating. It fixes the standard and it says by that standard that 4.2 per cent or 4.3 per cent by volume of beer is not intoxicating. Congress says it is for the states to fix the standard of alcoholic content for intoxicating liquor, and Kansas has said that beverages having an alcoholic content of four per cent by volume or less is not intoxicating. Congress wisely enacted this law. I can't see any mistake or confusion in it. It was a wise enactment. Congress at the time of course had in mind that these percentages were substantially equivalents because, as has been argued, Congress had enacted a law during prohibition days, wherein it said 3.2 per cent by weight and below was not intoxicating. It authorized the sale of beer containing not more than 3.2 per cent by weight.

At that time Congress officially declared by inference that beer containing slightly more than four per cent of alcohol by volume was not intoxicating.

The state of Kansas has declared the same thing. The object of this law is to prohibit the importation of intoxicating liquors into the state of Kansas containing more than four per cent of alcohol by volume. Now, then, I can't see any difference between the Kansas law and the enactment of the Congress. The laws are wholly adequate to the enforcement of the law.

Upon the evidence in the case, since no issue is made upon the physical act of attempting to transport the beverage, I find this defendant guilty of having attempted to transport intoxicating liquor into the state of Kansas in violation of the Federal law.